**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000697
16-NOV-2021
07:56 AM
Dkt. 61 SO**

NO. CAAP-18-0000697

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JUSTIN DULAN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-17-0001488)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Justin Dulan (**Dulan**) appeals from the Judgment of Conviction and Probation Sentence (**Judgment**), filed on July 19, 2018, by the Circuit Court of the First Circuit (**Circuit Court**).[1] The Judgment was entered following a jury trial where Dulan was convicted of Promoting a Dangerous Drug in the Third Degree in violation of Hawaii Revised Statutes (**HRS**) § 712-1243 (2014), and sentenced to a four-year term of probation with a one-year term of imprisonment, subject to early release to a residential treatment program.

On appeal, Dulan raises a single point of error contending that the deputy prosecuting attorney (**Prosecutor**) committed prosecutorial misconduct in his closing argument by shifting the burden of proof to the defense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Faʻauuga Toʻotoʻo presided.

the arguments advanced and the issues raised by the parties, we resolve Dulan's point of error, and affirm.

The pertinent background is as follows.  On October 23, 2017, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Dulan by Felony Information with Promoting a Dangerous Drug in the Third Degree in violation of HRS § 712-1243.  During the jury trial, Officer Ming Wang (**Officer Wang**) testified that he came upon a car in the Haleʻiwa area, and cited it as an abandoned vehicle.  When Officer Wang affixed the ticket to the front windshield, he noticed a male, later identified as Dulan, in the rear passenger side of the car.  Officer Wang saw that the car door was ajar, and Dulan's right hand was holding a glass methamphetamine "ice" pipe.  Officer Wang took photographs of Dulan holding the ice pipe.  These photographs were entered into evidence at trial.  After taking the photographs, Officer Wang observed Dulan put the pipe to his mouth and inhale from it.  Officer Wang then opened the door and asked Dulan to hand over the ice pipe.  Officer Wang submitted the ice pipe to the evidence locker at the Wahiawā station.  The ice pipe was then submitted for chemical testing, and dusted for fingerprints, but no usable prints were found.  Criminalist Michelle Shinsato (**Shinsato**) testified as a qualified expert in the field of drug analysis and identification and conducted testing confirming the presence of methamphetamine in the ice pipe.

The jury found Dulan guilty.  Dulan timely appealed.

Dulan contends that the State committed prosecutorial misconduct in its rebuttal, and specifically argues that the State shifted the burden of proof to Dulan and adversely commented on Dulan's right not to testify.  The State argues that the Prosecutor's rebuttal was in response to Dulan's closing argument, and the Prosecutor never commented on Dulan's decision not to testify.  Dulan's contention is without merit.

Allegations of prosecutorial misconduct are reviewed under the harmless beyond a reasonable doubt standard, which requires an examination of the record and a determination of whether there is a reasonable possibility that the error complained of might have contributed to the conviction.

State v. Austin, 143 Hawai‘i 18, 28, 422 P.3d 18, 28 (2018) (quoting State v. Sawyer, 88 Hawai‘i 325, 329 n.6, 966 P.2d 637, 641 n.6 (1998)) (internal quotation marks omitted).

> Prosecutorial misconduct warrants a new trial or the setting aside of a guilty verdict only where the actions of the prosecutor have caused prejudice to the defendant's right to a fair trial.  In order to determine whether the alleged prosecutorial misconduct reached the level of reversible error, the appellate court considers the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against defendant.

State v. Conroy, 148 Hawai‘i 194, 201, 468 P.3d 208, 215 (2020) (internal quotation marks, brackets and citations omitted).

"As a rule, the prosecution cannot comment on the defendant's failure to testify because this infringes on the defendant's right not to be a witness against her- or himself." State v. Wakisaka, 102 Hawai‘i 504, 515, 78 P.3d 317, 328 (2003). The prosecution's comment on a defendant's failure to testify will be deemed misconduct if the comment "manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify."  Id. (citations omitted).

However, a prosecutor is permitted to draw reasonable inferences from the evidence during closing arguments, and wide latitude is allowed in discussing the evidence.  See State v. Clark, 83 Hawai‘i 289, 304-05, 926 P.2d 194, 209-10 (1996). Furthermore, a prosecutor is given wide latitude during rebuttal to respond to arguments raised by the defense in closing arguments.  See Austin, 143 Hawai‘i at 47, 422 P.3d at 47.

**First Statement**

Dulan contends that the following rebuttal statement by the Prosecutor shifted the burden to Dulan:

> [PROSECUTOR]:  Let's talk about things not making sense. [Defense Counsel] kept saying this doesn't make sense, that doesn't make sense, this doesn't make sense. I'll tell you what doesn't make sense.  If Officer Wang wants to show up and lie and frame somebody, why are you going to take pictures?  Why?  Why document any of this?
>
> [DEFENSE COUNSEL]:  Objection.  Burden.

> THE COURT: Overruled.
>
> [PROSECUTOR]: You heard him testify that this is not HPD policy. He doesn't have to do this in any way, shape, or form. He's not required to.
>
> Why not just show up and give you folks a whole bunch of mumbo jumbo and just leave it up to you as to whether he's telling the truth or Mr. Dulan is telling the truth? Why document it with photographs? Doesn't make any sense. It's not something that a reasonable person would do.

Dulan objected to the statement and, at the bench, asked the Circuit Court to re-instruct the jury on the burden of proof based on the alleged improper comments:

> [DEFENSE COUNSEL]: And, your honor, based on the State's rebuttal I would argue that the State was burden shifting. I would ask for a curative instruction in terms of the court instructing the jury that it is not defense's burden to explain why Officer Wang did what he did. It's the State's burden --
>
> THE COURT: Mr. Prosecutor.
>
> [DEFENSE COUNSEL]: -- to prove the case.
>
> [PROSECUTOR]: I'm not sure what [Defense Counsel's] argument is.
>
> THE COURT: Okay. The court has instructed the jury that the burden is on the State to prove this case beyond a reasonable doubt and that's sufficient.

The record does not reflect that the Circuit Court gave an additional curative instruction to the jury, but only noted that the jury had already been instructed on the burden of proof which was "sufficient."

Based on our review of the record, the Prosecutor's comments about Officer Wang's actions directly responded to Dulan's attacks on Officer Wang's credibility. Dulan's closing argument stated and implied that Officer Wang was either lying about the incident, or Officer Wang made up the evidence, and lacked any credibility, as follows:

> [DEFENSE COUNSEL]: . . . This is an officer that's been on the force for 13 years and he's so shocked, with his camera in hand, that he can't take a picture of a crime actually happening. That is reason enough to doubt the State's case. That's not believable. That doesn't make sense that the officer would feel shock. He didn't take any pictures of it because it didn't happen.

(Emphases added).  Defense counsel questioned why Officer Wang took photographs of the ice pipe in Dulan's hand but failed to take photographs of Dulan allegedly inhaling from it.  Defense counsel then argued:

> [DEFENSE COUNSEL]:  It's the State's burden to present evidence to you.  They chose not to.  That's not my fault.  That's not [Dulan's] fault.  That's reasonable doubt.  That is a reason to doubt.  All you have is Officer Wang's testimony.  That is the State's case.  <u>Officer Wang is not credible</u>.
>
> <u>I didn't discredit Officer Wang.  Officer Wang discredited himself with his answers</u>.  For example, he observed [Dulan] smoking the pipe without using a lighter.  Reason and common sense, ladies and gentlemen.  You can't smoke meth without a lighter.  Now why would he say --

(Emphases added).  Dulan made one final attempt to argue that Officer Wang was untruthful:

> [DEFENSE COUNSEL]:  I understand being a police officer is difficult.  It's a stressful job.  Okay.  Life is hard.  <u>That doesn't give Officer Wang an excuse to come up here and twist the truth and say absurd things like people smoke meth without lighters, that people hold onto glass pipes and there's no fingerprints</u>.
>
> [PROSECUTOR]:  Objection again, your honor.
>
> THE COURT:  Sustained.

(Emphasis added).  The Prosecutor concluded his rebuttal with the following:

> [PROSECUTOR]:  The State will submit to you that if something doesn't make sense, it's the defense's argument that if Officer Wang wants to make something up he's going to take a slew of photographs to have presented before you, and then he's going to stand up there and then he's going to lie about it, or he's going to say things that contradict what the photographs show.  Thank you.

The Prosecutor's rebuttal statements were not improper; the statements were not a personal opinion about the credibility of Officer Wang, nor a comment on Dulan's right not to testify.  The statements were made in direct response to Dulan's attempt to discredit and accuse Officer Wang of being untruthful, and did not shift the burden of proof.  See <u>Austin</u>, 143 Hawaiʻi at 47, 422 P.3d at 47 (holding that the prosecutor's rebuttal was not

misconduct because the rebuttal was in response to the defendant's closing arguments and within the wide latitude that prosecutors have in their rebuttal to closing arguments); <u>State v. Mars</u>, 116 Hawaiʻi 125, 142-43, 170 P.3d 861, 878-79 (App. 2007) (observing that the prosecutor may respond to closing arguments raised by the defense).

**Second Statement**

Dulan also contends that the following rebuttal statement shifted the burden of proof to Dulan because it implied that Dulan was required to come up with a "better excuse":

> [PROSECUTOR]: I'll tell you what is reasonable that we learn at the earliest age when we're caught doing something wrong: Wasn't me. I didn't have it. I didn't do it. I don't know how it got there. That's the first thing that we learn: It wasn't me. Oh, somebody saw me doing it? Well, I don't know. Whatever it is, it wasn't me.
>
> I'm laying in the car. My hand's in that position, but that's -- I don't have any meth on me. I don't have a pipe on me. It's the oldest excuse in the book.

This statement was in response to the following closing argument by Dulan that he did not have possession of any ice pipe or methamphetamine:

> [DEFENSE COUNSEL]: <u>So at the beginning I told you that [Dulan] did not possess any methamphetamine, did not possess any pipe to smoke methamphetamine, and did not possess any other things that might be associated with smoking methamphetamine</u>, and because of that he was not in possession of meth in any amount and therefore he was not guilty.

(Emphasis added).

> [DEFENSE COUNSEL]: Also we're still -- going back to the photographs. Officer Wang never took any photographs of this pipe at the location. The only photograph of this pipe is some undisclosed time later at the police station. Why didn't Officer Wang take a picture of the pipe on the scene? He took other pictures of the car which you're going to have in evidence. <u>Well, he didn't do that because there was no pipe</u>.

(Emphasis added).

6

> [DEFENSE COUNSEL]: If [Dulan] was in possession of this, was smoking this, where are -- where's the other paraphernalia, where's the other stuff associated with it? Why didn't Officer Wang find that? <u>Well, he didn't find that because [Dulan] was never in possession of any pipe</u>.

(Emphasis added).

At trial, Officer Wang testified that he saw Dulan with the ice pipe in his right hand; the jury saw photographs of Dulan holding the pipe; and Shinsato testified that the ice pipe tested positive for methamphetamine. The record does not indicate that the Prosecutor commented on Dulan's right not to testify, nor do the statements shift the burden of proof. The Prosecutor's rebuttal statements were responsive to Dulan's closing arguments — that Dulan did not have possession of the pipe and methamphetamine — and were drawn from inferences based on the evidence adduced at trial. See <u>Austin</u>, 143 Hawaiʻi at 47, 422 P.3d at 47; <u>Mars</u>, 116 Hawaiʻi at 142–43, 170 P.3d at 878–79. The Prosecutor's rebuttal did not constitute prosecutorial misconduct. See <u>Austin</u>, 143 Hawaiʻi at 47, 422 P.3d at 47; <u>State v. Mattson</u>, 122 Hawaiʻi 312, 345, 226 P.3d 482, 515 (2010) (noting that under Hawaiʻi law, the prosecution is permitted to discuss the evidence and inferences from the evidence so long as it does not infringe on the defendant's constitutional rights).

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence, filed on July 19, 2018, by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaii, November 16, 2021.

On the briefs:

Loren J. Thomas
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Jon N. Ikenaga
for Defendant-Appellant

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge